## William E. Wilson, Appellee, v. Polly Ann Phares, Administratrix, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 269*—*when receipt for advancement not evidence of settlement for labor and services performed for deceased.* In a proceeding to have certain notes, executed by deceased to her son, allowed as claims against the estate of deceased, the son's receipt for an advancement which stated that interest thereon would not be charged, *held* not evidence that the parties understood the remission of interest to be in settlement for

labor and services performed by the son, so as to show that a note executed by deceased therefor two and one-half years thereafter was without consideration.

2.  EXECUTORS AND ADMINISTRATORS, § 270*—*when evidence insufficient to show consideration for promissory note executed by deceased.*  Judgment of Circuit Court, on appeal from Probate Court, allowing notes given by deceased to claimant as claims against the estate, affirmed on condition of remittitur of a portion of the amount of one of the notes, there being no evidence to show the sufficiency of the consideration therefor and it appearing that the note representing such portion was clearly a gift without consideration.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding.  Heard in this court at the October term, 1912.  Affirmed if remittitur filed; otherwise reversed and remanded.  Opinion filed October 16, 1913.

INGHAM & INGHAM and JOHN FULLER, for appellant.

EDWARD J. SWEENEY and HERRICK & HERRICK, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed on the 7th day of August, 1911, by the appellee in the Probate Court of DeWitt county against the estate of appellant's intestate, in the aggregate sum of $9,960.27, where a judgment was rendered for the sum of $10,472.54, and by appeal of the administratrix the cause was heard in the Circuit Court of that county, by the court and a jury, and a verdict was returned for appellee in the sum of $10,472.54. Upon the coming in of the verdict appellee remitted $3,369.66, whereupon judgment was entered in favor of appellee in the sum of $7,102.88.  From this judgment the cause has been brought to this court by the further appeal of said administratrix.

The following may be stated as the substantial facts in the case relative to the claim.

At the death of appellee's mother, which occurred in May, 1911, appellee held three promissory notes, bear-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ing dates and for the amounts as follows: One note for the sum of $1,000 dated May 1, 1902, due one year after date, and not providing for interest; one note for the sum of $2,000 bearing no date but being due July 5, 1904, and not providing for interest; and one note for $4,100 dated July 15, 1904, providing for interest at the rate of six per cent. from date and due in one year. All of these notes were signed by Elizabeth Wilson, appellant's intestate, the mother of both appellee and appellant.

The appellee was called by appellant as a witness, and his statement, in effect, was that the consideration for the first note of $1,000 was for insurance money arising from the collection of an insurance policy upon his father's life by his mother, and by his consent used by the mother, and the interest, which, together with the interest amounted to the sum of the face of the note at the date thereof; that the consideration for the second, or $2,000 note, was part payment for ten years' labor for his mother by appellee, after he attained his legal majority on the farm, at $20 per month; that the consideration for the third note was the $400 balance due him for labor on the farm of his mother and interest thereon; and that the remainder of the note was, in the language of appellee, for "standing by my mother for thirty-one years."

The further evidence appears in the record that an advancement was made by the mother to appellee, which was shown by the following instrument, to-wit:
"State of Illinois.
DeWitt County.
To Elizabeth Wilson and her children:

This certifies that I, William E. Wilson, son of Elizabeth Wilson, do hereby acknowledge in writing the receipt of Thirty-seven Hundred dollars ($3700.00) from my mother Elizabeth Wilson as an advancement on my interest in the estate of Elizabeth Wilson, my mother, at her death. That I received the same as an advancement as one of her children but that there is to be no interest to be charged up to me on the said

Thirty-seven hundred dollars ($3700.00) what would be the interest of the said $3700.00 is to be set off by the labor and services that I performed for my mother Elizabeth Wilson, after I had attained the age of twenty-one years. And I hereby consent that my interest in the estate of my mother Elizabeth Wilson shall be charged with said sum of $3700.00 at the death of my mother. It is further stipulated that my mother and my sisters and brother were consulted and informed as to the terms of this acknowledgment of my advancement before it was reduced to writing.

Dated this 3rd day of January A. D. 1902.

WILLIAM E. WILSON (SEAL)."

The consideration as to the first or $1,000 note is conceded to be sufficient, and this should be allowed together with interest at five per cent. per annum from the maturity thereof.

The consideration for the second or $2,000 note has, in our opinion, been established by proof of labor and services rendered by appellee to his mother during her lifetime and after his arriving at his legal majority, and interest should be computed on the amount of this note from maturity.

The consideration for the third or $4,100 note consists of three items: First, the $400 being the balance due appellee for labor for ten years on the farm of appellant's intestate after the $2,000 note had been given; second, the sum of $1,416, composing the consideration for this note, is for the interest agreed by appellant's intestate to be paid to appellee upon the amount due to him for labor on the farm of his mother, as aforesaid. These two items are supported by proof as being a valuable consideration for the part of the note represented and are legal and just claims against this estate, and, taken together, with interest at the rate of six per cent. being the rate fixed in this note, from the maturity of the note until said 16th day of July, 1912, amounts to the total sum of $2,689.50.

As to the remainder of said note, amounting to the

sum of $2,284, the sufficiency of the consideration is not shown by the evidence. It was clearly a gift, without consideration, and cannot be allowed as a claim against the estate of the deceased. This is clearly established by the evidence of appellee.

It is insisted by appellant that the receipt for the advancement of $3,700 to appellee is evidence of a settlement for the labor performed by appellee for the deceased.

When it is considered that the advancement was made January 3, 1902, and two and one-half years thereafter the note representing a part of the value of the labor performed by appellee on the deceased's farm was executed, it would seem there could not be any reason for the contention of appellant upon this point. The mother seems to have been, from all of the transactions, competent to transact any ordinary business, and to accept the theory of appellant that she regarded this advancement as a settlement of the labor question between herself and her son would be to hold that she was incompetent and did not understand the ordinary methods of transacting business. In the face of the proof in this record we would not be warranted in concluding that the advancement was considered by either of the parties thereto as a settlement for the labor performed by appellee for appellant's intestate.

We are, therefore, of the opinion a judgment in favor of appellee and against the estate of appellant's intestate should be allowed in the sum of $6,952.68. The judgment appealed from was for $7,102.88, being for the sum of $150.20 more than the proof shows should have been allowed.

If the appellee shall within fifteen days remit from the judgment all of the said judgment in excess of the sum of $6,952.68, it will be affirmed for that sum, otherwise the judgment will be reversed and the cause remanded.

*Affirmed if remittitur filed; otherwise reversed and remanded.*